# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TROVONE MURRAY,

    Plaintiff,

v.                              Civil Case No.: GLR-18-438

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,[1]

    Defendant.

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the pending dispositive motion and to make recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 301.5(b)(ix). [ECF No. 4]. Plaintiff Trovone Murray filed this action *pro se* under the Social Security Act, 42 U.S.C. § 405(g), seeking review of the denial of her claim for benefits by the Social Security Administration ("SSA"). [ECF No. 1]. The SSA has filed a motion to dismiss, arguing that this Court lacks subject matter jurisdiction because Ms. Murray did not exhaust her administrative remedies. [ECF No. 17]. Ms. Murray has opposed the SSA's motion. [ECF No. 20]. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons stated below, I recommend that the SSA's motion to dismiss be granted.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

## I. FACTS

On March 14, 2017, Ms. Murray appeared at a hearing regarding her denied claim for benefits, and asked the Administrative Law Judge ("ALJ") for a postponement to allow consultation with a representative. [ECF No. 17-2 at 7]. After the ALJ granted the postponement, the SSA mailed a new Notice of Hearing to Ms. Murray, asking her to sign an acknowledgment of receipt to indicate her intent to appear at the rescheduled hearing. *Id.* Ms. Murray signed and returned the acknowledgement, but did not appear at the hearing and did not make contact with the Hearing Office to explain her absence. *Id.* On July 31, 2017, the ALJ issued an order dismissing Ms. Murray's request for hearing, in light of her failure to appear. *Id.* at 7-8. Ms. Murray appealed the ALJ's dismissal to the Appeals Council, which denied her request for review. *Id.* at 9-10. Ms. Murray then filed the instant action on February 5, 2018. [ECF No. 1].

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that a court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647.

### III. ANALYSIS

The SSA argues that this Court lacks jurisdiction over Ms. Murray's appeal because she failed to exhaust her administrative remedies and is not appealing from a final decision. Under sections 405(g) and 405(h) of the Social Security Act, an individual may only obtain judicial review of the SSA's "final" decision after she has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commission made *after a hearing to which he was a party* . . . may obtain a review of such decision by a civil action[.]" 42 U.S.C. § 405(g) (emphasis added). In Ms. Murray's case, no hearing was ever held. The ALJ dismissed Ms. Murray's claim pursuant to 20 C.F.R. § 416.1457(b), because she failed to appear for her hearing.

Regarding a similar issue, the Fourth Circuit has held that an Appeals Council's refusal to review an ALJ's dismissal of an untimely request for review did not constitute a final decision, because the claimant did not exhaust his administrative remedies in failing to properly request review of his case. *Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir. 1986). The Fourth Circuit reasoned that "[s]uch action does not address the merits of the claim, and thus cannot be considered appealable[.]" *Id.* (citing *Smith v. Heckler*, 761 F.2d 516, 518 (8th Cir. 1985)). Moreover, the Fifth Circuit held that a federal court does not have jurisdiction over the appeal of an Appeals Council's decision to uphold an ALJ's dismissal of a request for a hearing, where dismissal occurred due to the claimant's failure to appear. *Brandyburg v. Sullivan*, 959 F.2d 555, 558-59 (5th Cir. 1992). The Fifth Circuit reasoned that "dismissal on procedural grounds at the administrative stage . . . deprives the district court of jurisdiction under section 405(g)." *Id.* at

3

562; *see also Estate of Lego v. Leavitt*, 244 F. App'x 227, 232 (10th Cir. 2007) ("[D]istrict courts lack jurisdiction to review an ALJ's procedural dismissal under § 416.1457.").[2] I concur with the reasoning in those decisions. Because Ms. Murray's claim was dismissed on procedural grounds due to her failure to appear at her hearing, this Court lacks jurisdiction to hear her appeal.

For the foregoing reasons, I recommend that the SSA's Motion to Dismiss, [ECF No. 17], be granted. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b. I direct the Clerk to mail a copy of this Report and Recommendations to Plaintiff at the address listed on the docket.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: July 12, 2018 /s/
Stephanie A. Gallagher
United States Magistrate Judge

---

[2] Other district courts have held specifically that federal courts have no jurisdiction when an ALJ dismisses a claim without a hearing. *Nelson v. Barnhart*, No. Civ.A. 03-842-A, 2003 WL 24122717, at *2 (E.D. Va. Dec. 19, 2003).